O’Donnell, J.,
dissenting.
*122 {¶ 56} Respectfully, I dissent.
{¶ 57} R.C. 3501.38(E)(1) requires petition circulators to execute a statement on each part-petition containing “the circulator’s name, the address of the circulator’s permanent residence, and the name and address of the person employing the circulator to circulate the petition, if any.” (Emphasis added.)
{¶ 58} As I explained in my separate opinion in Ohio Manufacturers’ Assn. v. Ohioans for Drug Price Relief Act, 149 Ohio St.3d 250, 2016-Ohio-5377, 74 N.E.3d 399, one of the circulators, Fifi Harper did not do that. The address she provided on the part-petitions she circulated was a private mail box at “Pack Ship and Print Center,” a business in a commercial strip mall. It is not a residential address, and Harper never lived there. As a circulator, she is not permitted to disregard Ohio’s election law by making a false representation in her circulator’s statement that a nonresidential address is her residential address.
{¶ 59} In my view, the part-petitions she circulated containing a false residential address are invalid and should be stricken. Without these part-petitions, the Committee for Ohioans for Drug Price Relief Act did not obtain the requisite number of valid signatures from 44 of 88 Ohio counties as required by Article II, Section lg of the Ohio Constitution.
{¶ 60} In this case, the committee seeks to compel Secretary of State Jon Husted to count more than 21,000 signatures that he previously invalidated. However, there is a dual requirement for this petition drive: to obtain the required total number of signatures and to obtain a sufficient number of those signatures from 44 of 88 counties in Ohio. Thus, even if Husted is required to count the additional 21,000 signatures, the petition drive fails if the constitutional mandate to obtain sufficient signatures from the requisite number of counties has not been met.
{¶ 61} Although the majority orders Husted to certify the validity of 67 additional signatures in Madison County, 35 of those were collected on part-petitions circulated by Harper that contained a false residential address and should be stricken. R.C. 3519.06(D); see also Kyser v. Cuyahoga Cty. Bd. of Elections, 36 Ohio St.2d 17, 23, 303 N.E.2d 77 (1973). And without the signatures on the part-petitions Harper circulated in Madison County, the committee lacks sufficient signatures from 44 of 88 counties as required by Article II, Section lg of the Ohio Constitution.
{¶ 62} Accordingly, because Husted had no obligation to submit the initiative petition to the General Assembly, I would deny the writ of mandamus.
Kennedy, J., concurs in the foregoing opinion.
*123 McTigue & Colombo, L.L.C., Donald J. McTigue, J. Corey Colombo, and Derek S. Clinger, for relators.
Michael DeWine, Attorney General, Steven T. Voigt, Principal Assistant Attorney General, and Brodi J. Conover, Assistant Attorney General, for respondent.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, Nelson M. Reid, and James P. Schuck, urging denial of the writ for amici curiae Ohio Manufacturers’ Association, Ohio Chamber of Commerce, Pharmaceutical and Research Manufacturers of America, Keith A. Lake, and Ryan R. Augsburger.